UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST BILLIZONE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1263-SS** |
| **JEFFERSON PARISH CORRECTIONAL CENTER, ET AL.** | |

**O R D E R**

Plaintiff has filed a "Motion to Compel Discovery and Answers to Admissions of Facts." Rec. Doc. 39. That motion is **DENIED**. With respect to defendant Llovet, the Court finds that her supplemental responses to the interrogatories suffice and that her remaining objections to the discovery requests are sustained. With respect to the Jefferson Parish Sheriff's Office ("JPSO") defendants, they have responded to the requests for admission, which is all that is required. Plaintiff's contention that the JPSO defendants have denied facts which they allegedly know are true is not a proper ground for plaintiff's motion. See, e.g., A&V Fishing, Inc. v. Home Insurance Co., 145 F.R.D. 285, 287 (D. Mass. 1993). Plaintiff has not attached to his motion copies of any other types of discovery directed to the JPSO defendants. If they have failed to respond to other types of discovery, plaintiff may file a new motion to compel; however, he must attach a copy of his discovery requests so that the Court may properly evaluate the motion.

Plaintiff has also filed a "Motion to Supplement Original Claim." Rec. Doc. 43. Because the motion was not filed within the deadlines set forth in Fed. R. Civ. P. 15(a)(1), plaintiff is not entitled to amend the complaint as a matter of course. In light of that fact and the fact that the opposing parties have not consented to the proposed amendments, plaintiff must have leave of court to amend the complaint. Fed. R. Civ. P. 15(a)(2). In ruling on a motion for leave to amend, a court

may consider, *inter alia*, the futility of the proposed amendments.  <u>Gregory v. Mitchell</u>, 634 F.2d 199, 203 (5th Cir. 1981).  Here, it would be futile to allow the proposed amendments for the following reasons.

> The United States Supreme Court has held:
>
> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-78 (2009) (citations, quotation marks, and brackets omitted).  Because plaintiff has made no factual allegations against the proposed new defendants, the proposed amendments fail to comply with the pleading requirements to state a claim upon which relief can be granted.  Therefore, that reason alone, it would be futile to allow them.

Additionally, several of the proposed amendments would also be futile for other reasons as well.  For example, to the extent that plaintiff is seeking to add defendants with respect to his medical claim, that would also be futile because, as explained in the Order and Reasons separately issued this date, plaintiff's medical care did not rise to the level of a federal violation.  Further, several of the proposed defendants are "John Doe" defendants.  However, it would be futile to allow those defendants to be added, because § 1983 claims must be brought against actual identified persons. <u>Francis v. Terrebonne Parish Sheriff's Office</u>, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); <u>August v. Gusman</u>, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); <u>Staritz v. Valdez</u>, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); <u>Banks v. United States</u>, Civ. Action No. 05-6853, 2007 WL 1030326, at * 11

(E.D. La. Mar. 28, 2007); Vollmer v. Bowles, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997).

For all of these reasons, plaintiff's "Motion to Supplement Original Claim," Rec. Doc. 43, is **DENIED**.

Plaintiff has also filed a "Motion by Letter," Rec. Doc. 52, in which he asks that this matter be stayed for at least ninety days. That motion is **DENIED**. Plaintiff has failed to show good cause for a stay. Trial in this matter is not scheduled to commence until June of 2015, and he has no deadlines which fall within the next ninety days.

Lastly, plaintiff has also filed a "Motion by Letter," Rec. Doc. 54, in which he argues that he is being held illegally and asks that the Court order his immediate release. That motion is likewise **DENIED**. Where a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); accord Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). If plaintiff wishes to seek habeas corpus relief, he should institute a new proceeding by filing a proper petition after exhausting his remedies in the state courts.

New Orleans, Louisiana, this fifteenth day of December, 2014.

                                          **SALLY SHUSHAN**
                                          **UNITED STATES MAGISTRATE JUDGE**