UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERNEST BILLIZONE. SR.**                                         **CIVIL ACTION**

**VERSUS**                                                        **NO. 14-1263-SS**

**JEFFERSON PARISH CORRECTIONAL
CENTER, ET AL.**

### ORDER AND REASONS

Plaintiff, Ernest Billizone, Sr., filed this civil action pursuant to 42 U.S.C. § 1983 against several defendants. In this lawsuit, he asserts various claims arising from his confinement at the Jefferson Parish Correctional Center. All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

One of the defendants, Jean Llovet, filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Because she presented matters outside of the complaint for the Court's consideration, her motion was converted into one for summary judgment.[3] See Fed. R. Civ. P. 12(d). Plaintiff opposed that motion,[4] and Llovet filed a sur-reply.[5]

---

[1]  Rec. Doc. 53.

[2]  Rec. Doc. 16.

[3]  Rec. Doc. 17.

[4]  Rec. Doc. 44.

[5]  Rec. Doc. 51.

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In his original complaint, plaintiff stated his claim against Llovet[6] as follows:

> I've been in severe pain, as upon my initial examination of Medical on my arrival in intake booking I informed them that I was diagnosed with disc erosion in my lower lumbar and I am usually given Naprosyn and 800 mg Motrin, but I have been given nothing and I also have a rotor cuff strain in my right shoulder. No meds administered and I've told medical and sent in a medical request to no avail. One nurse has really been trying to help me but she can't administer meds and this is what I need for my condition, in violation to my 8th Amendment, cruel and unusual punishment, deliberate indifference, failure to act and provide prompt or proper medical treatment, failure to supervise on Jean Lovett [sic].[7]

In his amended complaint, he further alleged:

> Here at Jefferson Parish Correctional Center Ms. Jean Lovett [sic] is failing to properly train or supervise some of her staff doctors and nurses that come to see you on the tiers and the ones in the infirmary. Their attitudes towards the inmates are nasty and unethical and very unprofessional. I myself was made to suffer unduly by not providing me with prompt nor proper medical attention. I was not given any meds for my chronic back pain and these medical problems are logged in their records and has been documented for years. Usually when you come in for intake booking on your initial exam they set everything up, and I made sure I told them yet, I was ignored and made to suffer and had to write up a sick call to get charged an additional five dollars to walk down to medical to give them the same information I gave initially. I was in severe pain for over a month before they decided to give me any medication for pain then they only gave me Motrin which did not alleviate the pain so I continue to suffer. I informed them I was taking Flexeril and Naprosen and she told me I wasn't getting that here. All in violation to my 8th and 14th Amendment to U.S. Constitution, cruel and unusual punishment, deliberate indifference, and due process and equal protection of the law.[8]

---

[6] The remaining allegations of the complaint concern only the claims against the other defendants in this lawsuit and thus have no relevance to the claims against Llovet and the pending motion.

[7] Rec. Doc. 1, p. 8.

[8] Rec. Doc. 7, p. 8.

In her motion, defendant Llovet argues that there has been no underlying constitutional violation in this case. As she notes in the motion, an inmate's right to medical care under the United States Constitution is extremely limited. Specifically, regardless of whether an inmate is a pretrial detainee or a convicted prisoner, his constitutional right to medical care is violated *only* if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). Llovet argues that plaintiff has shown neither a "serious medical need" nor "deliberate indifference." She is correct.

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Although unpleasant, plaintiff's back pain and shoulder pain simply do not rise to the level of "serious medical needs." See, e.g., Claudet v. Jones, Civ. Action No. 10-87, 2010 WL 4365512, at *4 (E.D. La. Oct. 27, 2010) (Zainey, J.) ("Several courts also have found that neck and back pain are not serious medical needs.").

Further, even if plaintiff's back pain and shoulder pain were found to constitute "serious medical needs," those needs were not met with "deliberate indifference." Regarding the "deliberate difference" requirement, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to

4

>provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In support of her motion, Llovet submitted copies of plaintiff's medical records. It is clear that such records may be used to counter a prisoner's allegations of deliberate indifference. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). Those records reflect that a medical screening was performed when plaintiff arrived at the Jefferson Parish Correctional Center on April 22, 2014. The notes from that visit reflect that plaintiff reported "back pain - 10 yrs" but stated that he was not currently taking any prescription or over-the-counter medications.[9] On May 24, 2014, plaintiff then submitted a sick call request complaining that he needed pain medication, a blood pressure check, and a dental partial plate. He was observed by the nurse who collected his sick call request, and she noted that he was in no apparent distress.[10] On May 29, 2014, he was seen by a nurse practitioner and prescribed Ibuprofen

---

[9] Rec. Doc. 16-3, p. 1.

[10] Rec. Doc. 16-3, p. 4.

for pain.[11] That period of plaintiff's incarceration then ended when he was released from custody no later than July of 2014.[12]

Although plaintiff obviously disagreed with the limited nature of the medical care he received at the Jefferson Parish Correctional Center, an inmate's disagreement with his medical care does not constitute deliberate indifference. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, "the question of whether ... additional ... forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle v. Gamble, 429 U.S. 97, 107 (1976). Generally, such matters of professional medical judgment are better left to the expertise of medical professionals rather than to the legal expertise of judges. Federal courts are therefore loath to second-guess such medical decisions in federal civil rights actions. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action."). Plaintiff has certainly provided no basis whatsoever for such second-guessing in this case, in that he has offered nothing more than his own conclusory, subjective, and self-serving assessment that additional care was necessary.

---

[11] Rec. Doc. 16-3, pp. 5-6.

[12] Rec. Doc. 21. However, plaintiff was then once again arrested and began a new term of incarceration in August of 2014.

To the extent that plaintiff is simply arguing that he should have been given something other than Ibuprofen for his pain, that argument fails. An inmate has no right to be prescribed a particular medication for pain. Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994) (a refusal to provide an inmate with the specific pain killers he requests does not rise to the level of a constitutional violation); Jacobs v. McVea, Civ. Action No. 14-552, 2014 WL 2894286, at *7 (E.D. La. June 25, 2014). The fact that he may have been prescribed other types of pain medication by other doctors in the past is not determinative. Prior opinions by such doctors were not binding on the medical staff at the Jefferson Parish Correctional Center, and differences of opinion among healthcare professionals as to the appropriate method of treatment do not constitute deliberate indifference. Campbell v. Martinez, No. Civ. A. 4:03-CV-299-Y, 2003 WL 22410576, at *3 (N.D. Tex. May 14, 2003), aff'd, 96 Fed. App'x 237 (5th Cir. 2004); cf. Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996) ("Medical decisions that may be characterized as classic examples of matters for medical judgment, such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview. Such matters are questions of tort, not constitutional law." (internal quotation marks, brackets, and citation omitted)). This is true even if the pain medication administered at the jail was not as effective as an alternative plaintiff would have preferred, because the fact that an inmate's medical care "may not have been the best money could buy" is insufficient to establish a federal violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert, 463 F.3d at 349 ("[D]eliberate indifference exists wholly independent of an optimal standard of care."); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). In fact, the federal constitution does not require even that an inmate's medical care be free

7

from negligence or medical malpractice.  Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004).

Lastly, the mere fact that plaintiff's pain remained unresolved is insufficient to support his claim.  Where, as here, an inmate has in fact received medical treatment, federal constitutional protections are not violated just because that treatment was unsuccessful or because pain persisted despite the treatment.  Gobert, 463 F.3d at 346; Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010).  As the United States Fifth Circuit Court of Appeals has expressly noted: "Continuing back pain is unpleasant.  Its existence does not, however, in and of itself demonstrate that a constitutional violation occurred."  Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

For all of the foregoing reasons, plaintiff has not shown that he had a serious medical need which was met with deliberate indifference; therefore, there is no basis for this Court to find that a federal violation occurred.  Because there was no underlying constitutional violation, the Court must dismiss any claims asserted against Llovet in her individual capacity based either on her own actions or on her purported failure to properly supervise or train her subordinates.  See, e.g., Whitley v. Hanna, 726 F.3d 631, 648 (5th Cir. 2013) ("All of Whitley's inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation."), cert. denied, 134 S. Ct. 1935 (2014); Wallack v. Jackson County, Mississippi, Civil Action No.

8

1:13cv103, 2014 WL 2154202, at *8 (S.D. Miss. May 22, 2014); Kennedy v. City of Shreveport, Civ. Action No. 07-1049, 2008 WL 2437043, at *6 (W.D. La. June 13, 2008).  Any official-capacity claims against Llovet are likewise meritless based on the absence of an underlying constitutional violation and must also be dismissed.  See, e.g., Royal v. Spragins, 575 Fed. App'x 300, 305 (5th Cir. 2014).

In his complaint, plaintiff does not indicate that he is also asserting any claims against Llovet under state law; however, in his opposition to the pending motion, he indicates that was his intention.  Even if that passing assertion in the opposition is considered an amendment to the complaint,[13] the Court declines to consider any such state law claims against Llovet in light of the fact that plaintiff's federal claims against her are being dismissed.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ....").[14]  If plaintiff wishes to pursue claims against Llovet under state law, he must do so in the state courts.

---

[13]   The United States Fifth Circuit Court of Appeals has held that in a case filed by a *pro se* plaintiff, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed."  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Therefore, a *pro se* litigant's supplemental filings that "embellish[ ] the original complaint's averments" should be considered when ruling on dispositive motions.  Id.

[14]   The Court is aware that numerous unrelated and factually distinct federal claims remain pending against other defendants; however, all of the federal claims *against Llovet* are being dismissed.  That suffices to allow the Court to decline to consider any state law claims against her.  See, e.g., Ryan v. Illinois Dep't of Children and Family Services, 185 F.3d 751, 765 (7th Cir. 1999); Bangura v. City of Philadelphia, Civ. Action No. 07-127, 2007 WL 3376676, at *4-5 (E.D. Pa. Oct. 15, 2007); Spearman v. Tom Wood Pontiac-GMC, Inc., No. IP 00-1340, 2001 WL 1712506, at *7 (S.D. Ind. Dec. 3, 2001), aff'd, 312 F.3d 848 (7th Cir. 2002); Kis v. County of Schuylkill, 866 F. Supp. 1462, 1480 (E.D. Pa. 1994).

Accordingly,

**IT IS ORDERED** that defendant Llovet's motion, Rec. Doc. 16, is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's federal civil rights claims against Llovet are **DISMISSED WITH PREJUDICE** and that his state law claims, if any, are **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

New Orleans, Louisiana, this fifteenth day of December, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**